Kera & Graubard v Abraham (2025 NY Slip Op 05801)

Kera & Graubard v Abraham

2025 NY Slip Op 05801

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-00651
 (Index No. 300225/17)

[*1]Kera & Graubard, appellant,
v
Gideon Abraham, respondent.

Kera & Graubard, Flushing, NY (M. David Graubard of counsel), appellant pro se.
Gideon Abraham, New York, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated December 17, 2021. The order modified a judgment of the Civil Court of the City of New York, Queens County (Ernest J. Cavallo, J.H.O.), entered July 18, 2019, by reducing the award in favor of the plaintiff and against the defendant from the principal sum of $64,077.54 to the principal sum of $2,205.
ORDERED that the order is reversed, on the law and the facts, with costs, and the judgment in the principal sum of $64,077.54 is reinstated.
In 2007, the defendant contacted the plaintiff, Kera & Graubard (hereinafter K & G), a law firm, to commence a chapter 11 bankruptcy proceeding on his behalf. K & G requested a retainer fee of $25,000 and a chapter 11 filing fee of $1,039. Yehuda Abraham, the defendant's father, signed a retainer letter agreeing to pay the retainer fee and filing fee. K & G filed a petition for bankruptcy under chapter 11 of the United States Bankruptcy Code and rendered legal services to the defendant in the bankruptcy proceeding. K & G provided the defendant with monthly billing summaries with time details and disbursements to which the defendant never objected. In December 2008, the bankruptcy petition was dismissed. In July 2009, the defendant contacted K & G to request that additional legal services be performed on his behalf, which were rendered over the next seven months and amounted to an additional fee of $2,205. Thereafter, monthly invoices were sent to the defendant indicating that he owed K & G a total amount of $64,077.54.
K & G commenced this action in the Supreme Court, Queens County, seeking the principal sum of $64,077.54 and asserting causes of action alleging breach of contract and unjust enrichment and to recover in quantum meruit and on an account stated. The matter was subsequently transferred to the Civil Court of the City of New York, Queens County, pursuant to CPLR 325(d). In a decision dated October 25, 2018, made after a nonjury trial, the Civil Court found that the defendant was liable for the debt, and thereafter, a judgment was issued in favor of K & G and against the defendant in the principal sum of $64,077.54. The Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts modified the judgment by reducing the award in favor of K & G and against the defendant from the principal sum of $64,077.54 to the principal sum of $2,205, determining that K & G failed to establish that it was entitled to recover for those services rendered in connection with its employment as counsel to the defendant in the bankruptcy [*2]proceeding.
"In the absence of an enforceable written agreement as to attorney's fees, an attorney is generally 'entitled to compensation for the services [he or she] rendered on a quantum meruit basis'" (Goldenberg v Friedman, 191 AD3d 641, 642, quoting Matter of Philip Irwin Aaron, P.C. v Parisi TTEE Parisi Enters. Inc., Profit Sharing Trust, 240 AD2d 671, 671). To establish a quantum meruit claim, the plaintiff must show: "'(1) the performance of services in good faith, (2) the acceptance of services by the person or persons to whom they are rendered, (3) the expectation of compensation therefor, and (4) the reasonable value of the services rendered'" (TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 841, quoting F & M Gen. Contr. v Oncel, 132 AD3d 946, 948). "Under the theory of quantum meruit, if the services were performed at the behest of someone other than the defendant, the plaintiff must look to that party for recovery" (JLJ Recycling Contrs. Corp. v Town of Babylon, 302 AD2d 430, 431).
"[A]n account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due. By retaining billing statements and failing to object to the account within a reasonable time, the recipient of the bill implies that he or she agrees with the sender regarding the amount owed" (Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 223 [citations omitted]).
Here, contrary to the defendant's contention, K & G performed services at the behest of the defendant, and the defendant received and retained numerous billing statements establishing the value of those services. Accordingly, an award in favor of K & G and against the defendant in the principal sum of $64,077.54 is warranted by the facts on the causes of action to recover in quantum meruit and on an account stated. We reverse the order of the Appellate Term and reinstate the judgment of the Civil Court in the principal sum of $64,077.54.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court